IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ASBESTOS WORKERS LOCAL 24  
PENSION FUND, et al.

v.  :  Civil No. CCB-10-918

NLG INSULATION, INC., et al.

## MEMORANDUM

The court now considers pending motions regarding an unpaid judgment against defendant NLG Insulation, Inc. ("NLG"). To collect on the judgment, the plaintiff Asbestos Workers Local 24 Pension Fund ("the Pension Fund") has served writs of garnishment on three companies. NLG has filed a motion to exempt $6,000 in cash from execution of the judgment and a subsequent motion to dismiss or quash all of the writs for defective service and content. No hearing is necessary. *See* Local Rule 105.6. For the following reasons, the defendant's motions will be denied.

## BACKGROUND

On December 29, 2010, this court entered a final judgment and order against defendant NLG in an action by the Asbestos Workers Local 24 Pension Fund under the Employee Retirement Income Security Act. The judgment was for the amount of $24,165 in withdrawal liability, plus pre-judgment interest; $1,282.32 in liquidated

1

damages; $7,260 in attorneys' fees; and $370.89 in court costs. NLG did not appeal the judgment, but to date the company has failed to remit any payment.

On October 31, 2011, the Pension Fund filed applications for writs of garnishment for the property of NLG, naming three other companies as garnishees: AWA Mechanical Inc. of Catonsville, MD; Fru-Con Construction, LLC of Woodbridge, VA; and M&M Welding and Fabricators, Inc. of Gaithersburg, MD. The applications for the writs listed the judgment totals from this court's order and added an additional $6,046.86 in pre-judgment interest and $61.40 in post-judgment interest, for a total of $39,186.47. On November 4, 2011, the Pension Fund resubmitted the writs, instead seeking "$33,078.21, plus interest." On November 7, 2011, pursuant to Maryland Rule 2-645, this court issued the three writs of garnishment for $33,078.21, plus interest. The writs were served on the registered agents of the garnishee companies between the 13th and 17th of November, 2011.

On November 29, 2011, NLG filed a motion to exempt $6,000 in cash from execution of the judgment, citing Maryland Rule 2-643(d). Subsequently, on December 2, 2011, NLG filed a motion to dismiss or quash the writs of garnishment in their entireties, alleging defective service and deficiencies in the content of the writs and the Pension Fund's supplemental filings. On December 7, 2011, the Pension Fund filed proof of service of the writs on the garnishees and proof of overnight mail service of copies of the writs to NLG.

Two of the three garnishees have responded to the court. AWA Mechanical has advised the court and the parties that it will strictly adhere to the writ of garnishment.

M&M Welding and Fabricators has filed an answer reporting that it has no NLG property in its possession and requesting that the court terminate the writ and any lien against it. At this time, Fru-Con Construction has not yet responded.

Now pending before the court are NLG's motion to exempt $6,000 in cash from execution of the judgment and NLG's motion to dismiss or quash all of the writs for defective service and content.

## DISCUSSION

Garnishment is "a means of enforcing a judgment which allows a judgment creditor to recover property owned by the debtor but held by a third party, the garnishee." *Harbor Bank v. Hanlon Park Condo. Ass'n*, 834 A.2d 993, 995 (Md. App. 2003) (citation omitted); *see also Med. Mut. Liab. Ins. Soc. of Maryland v. Davis*, 883 A.2d 158, 161–162 (Md. 2005) (listing cases). In the absence of a governing federal statute, state procedures prescribe the enforcement of a writ of garnishment of property. Fed. R. Civ. P. 69(a)(1). In Maryland, garnishment procedures are detailed in Maryland Rules 2-641 to 2-649, which set out the requirements for service of process on garnishees, notice to defendants, and content of filings.

### A. Motion to Quash or Dismiss

NLG moves to quash or dismiss the writs of garnishment for various alleged deficiencies, including (1) improper service, (2) misstated amount of debt, and (3) failure to notify garnishees of time for answer and the availability to judgment debtor of

exemptions and the right to contest. The court addresses each alleged deficiency in turn.

NLG contends the Pension Fund failed to abide by Maryland Rule 2-645(d), which sets forth the required method of service for a writ of garnishment. Rule 2-645(d) requires the person making service to mail a copy of the writ to the judgment debtor's last known address "[p]romptly after service upon the garnishee." The proof of service and mailing then must be filed with the court. *Id.* The Pension Fund served the writs of garnishment on the three garnishee companies in mid-November, but did not mail copies of the writs to NLG or properly file the proof of service and mailing until after NLG filed its motion to quash for defective service. As a consequence of this error, NLG requests that all three writs be quashed.

The Pension Fund does not contest that it initially failed to follow this procedure, but it maintains that any objection to service of process has been waived because NLG did not raise the objection in its first motion before the court. Maryland Rule 2-322(a) instructs that a defense of insufficiency of service of process is a mandatory preliminary motion.[1] While the language of Rule 2-322 specifies that any objection to service of process must be made before an "answer," Maryland courts have interpreted this statute to require defective service objections to be filed prior to a wider category of responsive pleadings. *See LVI Envtl. Servs. Inc. v. Acad. of IRM,* 666 A.2d 899, 903 (Md. App. 1995) ("Once a party speaks to the merits of a case, the individual has made a voluntary appearance, submitting himself to the jurisdiction of the court for all subsequent

---

[1] "Mandatory. The following defenses shall be made by motion to dismiss filed before the answer, if an answer is required: (1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, and (4) insufficiency of service of process. If not so made and the answer is filed, these defenses are waived." Md. Rule 2-322(a).

proceedings.") (internal quotation marks and citation omitted); *McCormick v. St. Francis De Sales Church*, 149 A.2d 768, 772 (Md. 1959) ("[Rule 2-322] contemplates that no pleading (including a motion) shall be filed before a motion under that Rule.") (parenthetical in original). The premise is most clearly stated in *McCormick*: "A person who denies that a court has jurisdiction and asks relief on that ground cannot ask anything of the court which is inconsistent with the want of such jurisdiction." *Id.* Thus, in Maryland it is not permitted to object to defective service subsequent to a voluntary appearance before the court.

NLG's first responsive pleading after the service of the writs was its November 29, 2011, Motion for Election of Exemption from the Writs of Garnishment. In that motion, NLG did not object to the method of service or content of the writs. NLG did not file the motion to quash for defective service until three days later on December 2, 2011. Because the objection to service of process was not brought first, the Pension Fund argues, Maryland Rule 2-322(a) should apply and the objection should be waived.

While it is not entirely clear that a Maryland Rule 2-643(d) motion should be considered to speak "to the merits" of a garnishment action, this court must agree with the Pension Fund. Under the broad standard articulated by the Maryland Court of Appeals in *McCormick*, a prior motion for exemption from a garnishment action— whether it speaks to the merits of the action or not—is "inconsistent" with a jurisdictional argument of defective service. *McCormick*, 149 A.2d at 772. NLG thus waived its objection to the defective service when it first moved for exemption, and therefore improper service cannot support NLG's motion to quash. *Cf. In re Allen*, 228 B.R. 115,

123–24 (Bankr. W.D. Pa. 1998) (finding waiver appropriate where defendant moved for exemption from garnishment prior to contesting defective service); *Trustees of Ironworkers Union No. 16 Pension Plan v. Turner*, No. 07-1691, 2010 WL 917359 at *8 (D. Md. Mar. 10, 2010) (noting that garnishees, unlike defendants, do not have the ability to waive objections to defective service over the *rem* in garnishment actions).[2]

NLG also alleges the numerous Pension Fund filings are confusing because they claim different amounts as the judgment total. The Pension Fund's original application for the writ includes two figures calculated for pre-judgment and post-judgment interest in addition to all of the individual totals for judgment, fees and costs in the original order. The Pension Fund's amended supplemental application and the writs themselves do not include the interest numbers, and instead specify "$33,078.21, plus interest," which equals the sum of the amounts ordered by this court on December 29, 2010. Both the amended supplemental applications and the writs themselves are in accordance with Maryland Rules 2-645(b) and 2-645(c). The stated amount of judgment, therefore, provides no reason to quash or dismiss the writs.

NLG's final allegation is frivolous. The writs of attachment issued to the garnishees include all of the necessary information required by Maryland Rule 2-645(c).

### B. Motion for Exemption

NLG also moves to exempt $6,000 in cash from the property levied upon by the writs of garnishment. A judgment debtor may move to exempt from execution of the

---

[2] An unpublished opinion is cited not for any precedential value but for the consistency of its reasoning on this issue.

judgment an amount of cash permitted by law. Maryland Rule 2-643(d). NLG cites section 11-504(b)(5) of the Maryland Courts and Judicial Procedure Code for the proposition that it is permitted by law to exempt $6,000 in cash from the judgment. The Pension Fund, however, is correct that section 11-504(b)(5) only applies to individuals and not corporations. *See Schumacher & Seiler, Inc. v. Fallston Plumbing, Inc.*, 605 A.2d 956, 960 (Md. App. 1992). NLG is a corporation and thus it may not exempt cash from the execution of the judgment under section 11-504(b)(5). *Accord Trustees of Ironworkers Union No. 16 Pension Plan*, 2010 WL 917359 at *8 n.6.

## **CONCLUSION**

In sum, the writs of garnishment issued to garnishees AWA Mechanical Inc., Fru-Con Construction, LLC, and M&M Welding and Fabricators, Inc. are valid for the amount of $33,078.21, plus both pre- and post-judgment interest.

Pursuant to Maryland Rule 2-321(c), the time for filing answers to the writs of garnishment is extended to 15 days from the date of this order. Both Fru-Con Construction and AWA Mechanical are instructed to file an answer in accordance with Maryland Rule 2-645(e), including the amount and nature of any debt and the description of any property held. M&M Welding and Fabricators is instructed to file an amended answer if there is any change in the information provided in its December 8 filing.

The Pension Fund is instructed to file a calculation of the total pre-judgment interest due pursuant to this court's December 29, 2010, order. The number should include both a justification for the interest rate applied and an explanation for the method

by which the interest rate is applied.  NLG may respond as necessary, taking care to avoid frivolous arguments.

  A separate order follows.


January 11, 2012             /s/
Date                  Catherine C. Blake
                   United States District Judge